NOT DESIGNATED FOR PUBLICATION

No. 120,873

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ELIAS A. CASTANEDA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed October 25, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Elias Castaneda received probation following his convictions for burglary and property damage. Castaneda later admitted to violating his probation by using methamphetamine, failing to report, committing domestic battery, and driving without a license. The district court revoked Castaneda's probation and ordered him to serve his underlying sentence of seven months in prison.

Castaneda appeals, arguing that he should have been given another chance at probation because he found work and housing and wanted to begin drug treatment. But it's within the court's discretion to revoke probation if the defendant commits another crime. And on the facts here, we find no abuse of discretion in revoking Castaneda's probation.

In January 2018, Castaneda was charged with burglary, theft, and two counts of property damage. He ended up pleading guilty to burglary and one count of property damage. At sentencing in April, the district court followed the plea agreement's recommendation and placed Castaneda on 12 months of probation with an underlying prison sentence of 7 months.

At a probation-violation hearing in June, Castaneda admitted to violating his curfew and possessing an illegal weapon—homemade nunchakus. His attorney requested a three-day jail sanction. The attorney said that Castaneda used nunchakus in his karate class and that they were mainly for show. But the district court judge had taken Taekwondo for a number of years and knew nunchakus could be dangerous. Even so, the judge entered the requested three-day jail sanction.

Castaneda was back in the district court in February 2019. This time, he admitted to 14 more violations, including two crimes—domestic battery and driving without a license. He acknowledged that the district court had the authority to revoke his probation, but he asked it to impose a 60-day jail sanction instead. He said he planned to move in with his grandmother, had gotten a job close to her house, and wanted to start drug treatment. The district decided to revoke Castaneda's probation and impose the underlying sentence because of the two new crimes. The court also denied Castaneda's request to modify his sentence because Castaneda had violated his probation repeatedly.

Castaneda appeals, arguing that he needed to continue probation so he could begin drug treatment. The State counters that Castaneda has failed to establish any compelling facts showing that the district court abused its discretion in revoking his probation.

The legal rules applicable to this appeal are straightforward. A district court may revoke a defendant's probation if it finds that the defendant committed a new crime while

on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A). If the court does revoke probation, it may also reduce the underlying prison sentence. K.S.A. 2018 Supp. 22-3716(c)(1)(E). The decision to do either is discretionary. See *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). And generally the district court abuses that discretion only when no reasonable person could agree with its decision. *State v. Duran*, 56 Kan. App. 2d 1268, 1272, 445 P.3d761 (2019).

We find nothing unreasonable about the district court's decision. Castaneda had committed a series of probation violations, and he committed two new crimes—domestic battery and driving without a license. Revoking probation and imposing the original prison sentence was well within the court's discretion.

On Castaneda's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Castaneda's probation.

We affirm the district court's judgment.